NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50414 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02358-MMA-1 |
| v. | |
| EDUARDO DUFFY, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50415 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-03690-MMA-1 |
| v. | |
| EDUARDO DUFFY, AKA Eduardo Duffy-Carrasco, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted February 12, 2019**

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Pasadena, California

Before: D.W. NELSON and CALLAHAN, Circuit Judges, and KORMAN,[***] District Judge.

Eduardo Duffy, a citizen of Mexico, appeals his conviction, following a jury trial, for illegal reentry after deportation in violation of 8 U.S.C. § 1326 and the revocation of his supervised release based on the illegal reentry conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

Duffy argues that his underlying removal order based on his California Penal Code (CPC) § 211 conviction was invalid because CPC § 211 is not an aggravated felony under 8 U.S.C. § 1101(a)(43). This argument is foreclosed by our recent decision in *United States v. Martinez-Hernandez*, No. 16-50423, 2019 WL 138167 (9th Cir. Jan. 9, 2019), which held that CPC § 211 is an aggravated felony because it qualifies as a categorical generic theft offense under 8 U.S.C. § 1101(a)(43)(G).

II

Duffy argues that his illegal reentry conviction was invalid because, following *Morales-Santana*, he was "convicted under a law classifying on an impermissible basis." *Sessions v. Morales-Santana*, — U.S. — , 137 S. Ct. 1678, 1699 n.24 (2017). Duffy does not argue that the provisions declared

---

[***]    The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

unconstitutional in *Morales-Santana* apply to him; rather, he sets forth a facial

equal protection challenge to 8 U.S.C. § 1326 under the Fifth Amendment's Due

Process Clause.

"We review questions regarding the constitutionality of a statute de novo."

*See United States v. Bynum*, 327 F.3d 986, 990 (9th Cir. 2003).

In *Morales-Santana*, the Supreme Court held that "[t]he gender-based

distinction infecting §§ 1401(a)(7) and 1409(a) and (c) . . . violates the equal

protection principle" implicit in the Fifth Amendment's Due Process Clause.

*Morales-Santana*, 137 S. Ct. at 1700–01. Rather than striking the entire statute,

the Supreme Court struck down only the one-year physical-presence exception for

unwed U.S.-citizen mothers and held that, going forward, 8 U.S.C. § 1401(a)(7)'s

five-year requirement for unwed U.S.-citizen fathers "should apply, prospectively,

to children born to unwed U.S.-citizen mothers." *Id.* at 1701. Duffy's facial equal

protection challenge rests upon the gender-based distinction in §§ 1401(a)(7) and

1409(a) and (c) held invalid by *Morales-Santana*.

The severability clause in the Immigration and Nationality Act ("INA")

dictates that the remainder of 8 U.S.C. §§ 1401 and 1409 was not affected by

*Morales-Santana*. *See* 8 U.S.C. § 1101 note ("If any provision of this title . . . is

held invalid, the remainder of the title . . . shall not be affected thereby."); *see also*

*I.N.S. v. Chadha*, 462 U.S. 919, 931–32 (1993) (declaring the veto clause of 8

U.S.C. § 1254(c)(2) unconstitutional, but holding that the severability clause in 8 U.S.C. § 1101 "plainly authorized the presumption" that the remainder of the INA stands. Duffy was properly convicted under 8 U.S.C. § 1326, which incorporates definitions of "alien" and "citizen" that were not affected by *Morales-Santana*. Thus, Duffy was not "convicted under a law classifying on an impermissible basis." *Cf. Morales-Santana*, 137 S. Ct. at 1699 n.24.

## III

Duffy, who was born out of wedlock, argues that § 1409(a)(1)'s requirement that "a blood relationship between the person and the father [be] established by clear and convincing evidence" violates the equal protection principle because the same requirement is not imposed upon children who were born in wedlock.

We need not resolve Duffy's constitutional challenge to § 1409(a)(1). Even if we were to agree with his argument, the remedy would be to sever subsection 1 from the requirements of § 1409(a) pursuant to the INA's severability clause. However, Duffy would still have to meet the remaining requirements of § 1409(a), which includes that his father "agreed in writing to provide financial support for [Duffy] until [Duffy] reaches the age of 18 years." 8 U.S.C. § 1409(a)(3). Duffy has not argued or pointed to evidence in the record showing that he is able to meet the remaining requirements of § 1409(a). As such, this argument is waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not

raised by a party in its opening brief are deemed waived."); Fed. R. App. P. 28(a)(8)(A) (requiring the argument to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Even if Duffy prevailed on his equal protection claim regarding subsection 1, he would not be entitled to relief.

We affirm Duffy's illegal reentry conviction and the subsequent revocation of supervised release.

**AFFIRMED.**